**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RODNEY DALE RAFOLS, | ) | NO. CV 16-5827-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on August 4, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on September 21, 2016. Plaintiff filed a motion for summary judgment on April 25, 2017. Defendant filed a motion for summary judgment on May 25, 2017. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed August 5, 2016.

///

///

## BACKGROUND

Plaintiff asserted disability based on several alleged impairments (Administrative Record ("A.R.") 40-51, 54-62, 71-75, 78-81, 214-17, 225). Plaintiff testified to allegedly disabling functional restrictions (A.R. 49-51, 61-62, 72-81).

Following a previous administrative remand, the Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 17-310, 314-618). The ALJ found Plaintiff's testimony "not entirely credible" (A.R. 26). According to the ALJ, "[e]xaggeration of symptoms is repeatedly suggested throughout the medical record. . . ." (A.R. 27). The ALJ also observed that Dr. Alexander White, a non-treating, non-examining physician, had believed that all of Plaintiff's alleged symptoms were "significantly out of proportion to identifiable physical processes" (A.R. 27, 443).

The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform light work with certain restrictions (A.R. 23).[1] This RFC is largely consistent with the reports and opinions of the physicians of record (A.R. 327-30, 333-50, 362-66, 378-79, 403, 441-53, 486, 539, 545-50). The ALJ discussed these reports and opinions in considerable detail, including the report and opinion of

---

[1] The ALJ found a capacity for light work not requiring more than "occasional bending/stooping . . . or simple route [sic] repetitive tasks with occasional public and coworker contact" (A.R. 23).

Dr. White (A.R. 24-27).  The ALJ declined to incorporate into the RFC every aspect of Dr. White's opinion, omitting the aspect that would have restricted Plaintiff to work not requiring more than occasional reaching, handling, fingering, and feeling with the left hand (A.R. 23, 448).  When asked to identify in writing "the particular medical or clinical findings" supporting an alleged restriction to occasional use of the left hand, Dr. White wrote only "giving Pt. the benefit of doubt of injury to the L. hand" (A.R. 448).

The vocational expert testified that a person having the RFC assessed by the ALJ could perform certain jobs existing in significant numbers in the national economy (A.R. 83-84).  In reliance on this testimony, the ALJ found Plaintiff not disabled (A.R. 28-29).  The Appeals Council considered additional evidence but denied review (A.R. 1-5, 311-13, 619-907).

Plaintiff now argues a single alleged administrative error. According to Plaintiff, the ALJ erred by assertedly failing to state "specific and legitimate reasons" for not incorporating into the RFC Dr. White's opinion restricting Plaintiff to occasional use of the left hand.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  See Carmickle v.

Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may
> not substitute its judgment for that of the ALJ.  But the
> Commissioner's decision cannot be affirmed simply by
> isolating a specific quantum of supporting evidence.
> Rather, a court must consider the record as a whole,
> weighing both evidence that supports and evidence that
> detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis.  See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d

1228, 1231 (2011) (courts may consider evidence presented for the
first time to the Appeals Council "to determine whether, in light of
the record as a whole, the ALJ's decision was supported by substantial
evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,
957 n.7 (9th Cir. 1993) ("the Appeals Council considered this
information and it became part of the record we are required to review
as a whole").

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion
is granted and Plaintiff's motion is denied.  The Administration's
findings are supported by substantial evidence and are free from
material[2] legal error.  Plaintiff's arguments are unavailing.

Contrary to Plaintiff's arguments, the law did not require that
the ALJ state "specific and legitimate reasons" for failing to
incorporate into the RFC every aspect of Dr. White's opinion.  The
Ninth Circuit's "specific and legitimate reasons" requirement applies
only to the opinions of treating physicians, and, perhaps, to the
opinions of other examining physicians.  See Lester v. Chater, 81 F.3d
821, 830-31 (9th Cir. 1995); but see Nyman v. Heckler, 779 F.2d 528,
531 (9th Cir. 1986) (an ALJ need not explicitly detail the reasons for
rejecting the contradicted opinion of a non-treating, examining

---

[2]    The harmless error rule applies to the review of
administrative decisions regarding disability.  See Garcia v.
Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v.
Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

5

physician).  Notwithstanding Plaintiff's reference to "a treating

medical opinion" and Plaintiff's urging of the "specific and

legitimate reasons" standard,[3] Dr. White was neither a treating

physician nor an examining physician (A.R. 441).

An ALJ may reject the opinion of a non-treating, non-examining

physician merely "by reference to specific evidence in the medical

record."  Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998);

cf. Social Security Ruling 96-8p ("if the RFC assessment conflicts

with an opinion from a medical source, the adjudicator must explain

why the opinion was not adopted").  In the present case, the ALJ

referenced sufficiently specific evidence and explanation to justify

the RFC's failure to incorporate a restriction to occasional use of

the left hand.  The ALJ discussed in some detail the reports and

opinions of the physicians of record, including reports and opinions

of examining physicians who placed no restriction on Plaintiff's use

of his left hand.

Additionally, the ALJ's proper discounting of Plaintiff's

credibility amply supports the refusal to incorporate a left hand

restriction into the RFC under the circumstances of this case.  In the

admitted absence of any "medical or clinical findings" supporting a

left hand restriction, Dr. White conceded he was giving Plaintiff "the

benefit of doubt" by crediting Plaintiff's subjective complaints

///

///

_____

[3]     See Plaintiff's "Motion for Summary Judgment or
Remand," filed April 25, 2017, at p. 4.

1  regarding an alleged left hand restriction (A.R. 448).[4]  An ALJ may

2  reject the opinion of even a treating physician when the opinion is

3  based on the claimant's properly discounted subjective complaints.

4  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan

5  v. Commissioner, 169 F.3d 595, 602 (9th Cir. 1999); accord Fair v.

6  Bowen, 885 F.2d 597, 605 (9th Cir. 1989).

7

8     Almost all of the medical evidence of record in the present case

9  supports the RFC assessed by the ALJ.  To the extent any of the

10  medical evidence is in conflict, it was the prerogative of the ALJ to

11  resolve such conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th

12  Cir. 2001).  When evidence "is susceptible to more than one rational

13  interpretation," the Court must uphold the administrative decision.

14  See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord

15  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v.

16  Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The Court will uphold the

17  ALJ's rational interpretation of the evidence in the present case

18  notwithstanding any conflicts in the record.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25

26

27     [4]   Curiously, Dr. White accorded Plaintiff this "benefit
of doubt" notwithstanding Dr. White's belief that all of
Plaintiff's symptoms were "significantly out of proportion to

28  identifiable physical process" (A.R. 443).

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 7, 2017.


_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5]     The Court has considered and rejected each of Plaintiff's arguments.  The Court has discussed Plaintiff's principal arguments herein.

8